IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:22-CR-83-1D-RN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | INDICTMENT |
| CARROLLTON LEVON JENKINS | ) | |
| a/k/a "Money" | ) | |
| a/k/a "Black," and | ) | |
| CARIO DONNELL JENKINS | ) | |
| a/k/a "Rio" | | |

The Grand Jury charges:

## COUNT ONE

Beginning sometime in 2017, the exact dates being unknown, and continuing until in or about April 2022, in the Eastern District of North Carolina and elsewhere, in and affecting interstate commerce, the defendants, CARROLLTON LEVON JENKINS, also known as "Money" or "Black," and CARIO DONNELL JENKINS, also known as "Rio," did combine, conspire, confederate, and agree with each other, and others known and unknown to the grand jury, to knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means and benefit financially and receive anything of value from participation in a venture engaged in such acts, K.W., H.B., C.B., and others, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause K.W., H.B., C.B., and others, to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1) and (a)(2).

All in violation of Title 18, United States Code, Section 1594(c).

## COUNT TWO

Beginning in or about January 2017, and continuing until in or about January 2020, the exact dates being unknown, in the Eastern District of North Carolina and elsewhere, the defendant, CARROLLTON LEVON JENKINS, also known as "Money" or "Black," in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained a person having the initials K.W., knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause K.W. to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1) and (a)(2).

## COUNT THREE

Beginning in or about January 2017, and continuing until in or about January 2020, the exact dates being unknown, in the Eastern District of North Carolina and elsewhere, the defendant, CARROLLTON LEVON JENKINS, also known as "Money" or "Black," knowingly persuaded, induced, enticed, and coerced an individual, namely, a person having the initials K.W., to travel in interstate commerce to engage in prostitution, in violation of Title 18, United States Code, Section 2422(a).

## COUNT FOUR

Beginning in or about January 2017, and continuing until in or about January 2020, the exact dates being unknown, in the Eastern District of North Carolina and elsewhere, the defendant, CARROLLTON LEVON JENKINS, also known as "Money" or "Black," knowingly transported a person having the initials K.W. in interstate

commerce to engage in prostitution, in violation of Title 18, United States Code, Section 2421(a).

## COUNT FIVE

In or about the Fall of 2017, the exact dates being unknown, in the Eastern District of North Carolina and elsewhere, the defendant, CARIO DONNELL JENKINS, also known as "Rio," knowingly transported a person having the initials K.W. in interstate commerce to engage in prostitution, in violation of Title 18, United States Code, Section 2421(a).

## COUNT SIX

Beginning sometime in 2017, the exact dates being unknown, but no later than in or about May 2017, and continuing until in or about July 2017, in the Eastern District of North Carolina and elsewhere, the defendant, CARROLLTON LEVON JENKINS, also known as "Money" or "Black," in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, a minor having the initials S.C., having had a reasonable opportunity to observe S.C., and in knowing and in reckless disregard of the fact, that S.C. had not attained the age of 18 years and would be caused to engage in a commercial sex act, and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause S.C. to engage in a commercial sex act.

All in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(1), and (b)(2).

## COUNT SEVEN

In or about June 2017, in the Eastern District of North Carolina and elsewhere, the defendant, CARROLLTON LEVON JENKINS, also known as "Money" or "Black," did knowingly transport an individual who had not attained the age of 18 years, namely, a person having the initials S.C., in interstate and foreign commerce, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2423(a).

## COUNT EIGHT

Beginning in or about February 2020, and continuing until in or about September 2021, the exact dates being unknown, in the Eastern District of North Carolina and elsewhere, the defendant, CARROLLTON LEVON JENKINS, also known as "Money" or "Black," in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained a person having the initials C.B., knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause C.B. to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1) and (a)(2).

## COUNT NINE

Beginning in or about February 2020, and continuing until in or about September 2021, the exact dates being unknown, in the Eastern District of North Carolina and elsewhere, the defendant, CARROLLTON LEVON JENKINS, also

known as "Money" or "Black," knowingly persuaded, induced, enticed, and coerced an individual, namely, a person having the initials C.B., to travel in interstate commerce to engage in prostitution, in violation of Title 18, United States Code, Section 2422(a).

## COUNT TEN

Beginning in or about February 2020, and continuing until in or about September 2021, the exact dates being unknown, in the Eastern District of North Carolina and elsewhere, the defendant, CARROLLTON LEVON JENKINS, also known as "Money" or "Black," knowingly transported a person having the initials C.B. in interstate commerce to engage in prostitution, in violation of Title 18, United States Code, Section 2421(a).

## COUNT ELEVEN

Beginning in or about May 2018, and continuing until in or about December 2020, the exact dates being unknown, in the Eastern District of North Carolina and elsewhere, the defendant, CARIO DONNELL JENKINS, also known as "Rio," in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained a person having the initials H.B., knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause H.B. to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1) and (a)(2).

## COUNT TWELVE

Beginning in or about May 2018, and continuing until in or about December 2020, the exact dates being unknown, in the Eastern District of North Carolina and elsewhere, the defendant, CARIO DONNELL JENKINS, also known as "Rio," knowingly persuaded, induced, enticed, and coerced an individual, namely, a person having the initials H.B., to travel in interstate commerce to engage in prostitution, in violation of Title 18, United States Code, Section 2422(a).

## COUNT THIRTEEN

Beginning in or about May 2018, and continuing until in or about December 2020, the exact dates being unknown, in the Eastern District of North Carolina and elsewhere, the defendant, CARIO DONNELL JENKINS, also known as "Rio," knowingly transported a person having the initials H.B. in interstate commerce to engage in prostitution, in violation of Title 18, United States Code, Section 2421(a).

## COUNT FOURTEEN

Beginning in or about January 2017, the exact date being unknown, and continuing until on or about April 20, 2022, in the Eastern District of North Carolina and elsewhere, the defendant, CARROLLTON LEVON JENKINS, also known as "Money" or "Black," aiding and abetting another, knowingly traveled and used a facility in interstate commerce, namely, the Internet, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, a business enterprise involving prostitution offenses in violation of the laws of North Carolina, and

thereafter, performed and attempted to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT FIFTEEN

Beginning sometime in or about 2017, the exact date being unknown, and continuing until in or about April 2021, in the Eastern District of North Carolina and elsewhere, the defendant, CARIO DONNELL JENKINS, also known as "Rio," aiding and abetting another, knowingly traveled and used a facility in interstate commerce, namely, the Internet, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, a business enterprise involving prostitution offenses in violation of the laws of North Carolina, and thereafter, performed and attempted to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT SIXTEEN

Beginning in or about January 2017, the exact date being unknown to the Grand Jury, and continuing up to and including on or about March 30, 2021, in the Eastern District of North Carolina, and elsewhere, the defendant, CARIO DONNELL JENKINS, also known as "Rio," did combine, conspire, confederate, agree, and have a tacit understanding with other persons, known and unknown to the Grand Jury, to

Case 7:22-cr-00083-D-RN    Document 1    Filed 06/28/22    Page 7 of 15

7

knowingly and intentionally distribute and possess with the intent to distribute one-hundred (100) grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

## COUNT SEVENTEEN

On or about March 30, 2021, in the Eastern District of North Carolina, the defendant, CARIO DONNELL JENKINS, also known as "Rio," did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl (N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT EIGHTEEN

On or about March 23, 2022, in the Eastern District of North Carolina, the defendant, CARROLLTON LEVON JENKINS, also known as "Money" or "Black," did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, a detectable amount of fentanyl (N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT NINETEEN

On or about April 5, 2022, in the Eastern District of North Carolina, the

defendant, CARROLLTON LEVON JENKINS, also known as "Money" or "Black," did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWENTY

On or about April 20, 2022, in the Eastern District of North Carolina, the defendant, CARROLLTON LEVON JENKINS, also known as "Money" or "Black," did knowingly and intentionally possess with the intent to distribute forty (40) grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

*[Remainder of Page Intentionally Left Blank]*

## ALLEGATION OF PRIOR CONVICTION

For purposes of Title 21, United States Code, Sections 841(b) and 851, the defendants, CARROLLTON LEVON JENKINS, also known as "Money" or "Black," and CARIO DONNELL JENKINS, also known as "Rio," committed the violations alleged in Counts Seventeen, Eighteen, and Nineteen after one prior conviction for a felony drug offense, as defined in Title 21, United States Code, Section 802(44), had become final.

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any criminal violation of Chapter 77 of Title 18, United States Code (respecting peonage, slavery, and trafficking in persons), or a conspiracy to commit such offense, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 1594(d), any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property; and any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violation, or any property traceable to such property.

Upon conviction of any criminal violation of Chapter 117 of Title 18, United States Code (respecting interstate transportation for sexual activity and related crimes), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2428(a), any property, real or personal, that was used or intended to be used to

commit or to facilitate the commission of such violation; and any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

Upon conviction of any offense charged herein constituting "specified unlawful activity" (as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1)), or a conspiracy to commit such offense, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), as made applicable by 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the said offense.

Upon conviction of any felony violation of the Controlled Substances Act charged herein, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or that were intended to be used in any offense identified in 18 U.S.C. § 924(d)(3), or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the

defendant at the time of arrest.

The forfeitable property includes, but is not limited to, the following:

Forfeiture Money Judgment:

a) A sum of money representing the gross proceeds of the offense(s) charged herein against CARROLLTON LEVON JENKINS.

b) A sum of money representing the gross proceeds of the offense(s) charged herein against CARIO DONNELL JENKINS.

Personal Property:

c) Amazon Tablet seized from Cardell Clifton on June 23, 2017,

d) Motorola Cellphone seized from Christopher Seale on June 23, 2017,

e) Black in color iPhone with cracked screen seized from Tianah Hill on June 23, 2017,

f) White HTC Verizon Cellphone with cracked screen seized from Tianah Hill on June 23, 2017,

g) White Samsung Tablet seized on June 23, 2017,

h) Black Kyocera model C6730 cellphone seized on June 23, 2017,

i) Light black ZTE smartphone with cracked screen seized from S.C. on June 23, 2017,

j) Dark black ZTE smartphone seized from S.C. on June 23, 2017,

k) Apple Iphone in purple case (1B5) - seized from 1003 Churchill Avenue, Apt 3A on April 20, 2022,

l) Apple Iphone in clear case (1B6) – seized from 1003 Churchill Avenue, Apt

3A on April 20, 2022,

m) Dell Chrombook II, S/N CD1C13001 (1B8) - seized from 1003 Churchill Avenue, Apt 3A on April 20, 2022,

n) Apple MacBook, S/N CPWLQPPGDTY3 (1B9) - seized from 1003 Churchill Avenue, Apt 3A on April 20, 2022,

o) Gold broken Samsung phone (1B14) - seized from 1003 Churchill Avenue, Apt 3A on April 20, 2022,

p) Broken black Samsung phone (1B15) - seized from 1003 Churchill Avenue, Apt 3A on April 20, 2022,

q) Broken gold Samsung phone (1B16) - seized from 1003 Churchill Avenue, Apt 3A on April 20, 2022,

r) Apple Ipad with broken screen (1B17) - seized from 1003 Churchill Avenue, Apt 3A on April 20, 2022,

s) Broken LG tablet (1B18) - seized from 1003 Churchill Avenue, Apt 3A on April 20, 2022,

t) Black Maxa Core tablet (1B19) - seized from 1003 Churchill Avenue, Apt 3A on April 20, 2022,

u) LG cell phone Verizon (1B21) - seized from 1003 Churchill Avenue, Apt 3A on April 20, 2022,

v) Cellphone (1B26) - seized from 1003 Churchill Avenue, Apt 3A on April 20, 2022,

w) Android cellphone (1B27) - seized from 1003 Churchill Avenue, Apt 3A on

April 20, 2022,

x) Cellphone (1B28) - seized from 1003 Churchill Avenue, Apt 3A on April 20, 2022,

y) Cellphone (1B30) – seized from 1003 Churchill Avenue, Apt 3A on April 20, 2022,

z) Iphone in purple case (1B34) - seized from 1003 Churchill Avenue, Apt 3A on April 20, 2022,

aa) Cell phone - LG Cricket (1B40) – seized from White Volvo on April 20, 2022,

bb) Cell phone – Motorolla blue case (1B41) - seized from White Volvo on April 20, 2022,

cc) Cell phone – Motorolla black case (1B42) - seized from White Volvo on April 20, 2022,

dd) Cell phone – black Samsung (1B43) - seized from White Volvo on April 20, 2022,

ee) Cellular device black Nokia (1B69) – seized from CarKey Motors on April 20, 2022,

ff) Black Nokia Cricket phone (1B70) - seized from CarKey Motors on April 20, 2022,

gg) Pink Iphone 5 (1B71) - seized from CarKey Motors on April 20, 2022,

hh) Black Iphone (1B72) - seized from CarKey Motors on April 20, 2022,

ii) Pink HP Laptop (1B76) - seized from CarKey Motors on April 20, 2022, and

jj) Black Apple Iphone with large white apple sticker on back in black case

(1B84) – seized from Carrollton JENKINS's person on April 20, 2022.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

Date: 28 JUN 2022

MICHAEL F. EASLEY, JR.
United States Attorney

BRYAN STEPHANY
Assistant United States Attorney